ROSS v. EAST SIDE MILL & LUMBER CO. et al.

(District Court, D. Oregon. May 19, 1919.)

No. 7850.

PATENTS ⬤≈328—VALIDITY AND INFRINGEMENT—MOTOR TRUCKS.

The Ross patent, No. 1,209,209, for a motor truck for picking up and moving piles of lumber, *held* valid, but not infringed.

In Equity. Suit by Harry B. Ross against the East Side Mill & Lumber Company, William S. Overlin, and Miles D. Jameson. Decree for defendants.

Walter M. Fuller, of Chicago, Ill., and Alfred P. Dobson, of Portland, Or., for plaintiff.

William R. Litzenberg, of Los Angeles, Cal., and Clark, Middleton & Clark, of Portland, Or., for defendants.

WOLVERTON, District Judge. Complainant sues to enjoin infringement of his patent No. 1,209,209, for improvement in motor trucks.

Complainant's motor truck is adapted more particularly for picking up lumber disposed in piles, and transporting it in and about sawmill and lumber yards, and depositing it at places of destination. The process is to drive over or straddle a lumber pile, pick it up, or raise it, by means of the motor used for propelling the motor truck, and, thus suspended beneath the frame of the truck, carry the same and deposit it where needed.

The defendant Overlin has devised a motor truck of somewhat similar construction, designed to perform the same service as the complainant's invention, and has secured a patent, also, on his machine.

Complainant alleges infringement of claims Nos. 2, 5, 6, 7, and 8 of his patent, and the question for determination is whether Overlin's device infringes these claims.

I have concluded, after a detailed consideration of complainant's machine and patent, including the claims set forth, and of Overlin's device, that there is no infringement, for the reason that Overlin's structure is not susceptible of being read upon the claims of complainant's patent. I will not attempt to set out the claims, but only to denote the difference, both structural and functional, between the two devices, as it relates to the claims in question.

First, nothing can be claimed by complainant on account of the frame of his motor truck being of substantially an inverted U-shape, except in combination, because the concept is very old. Its place in the prior art is illustrated by the Sheldon patent, as far back as September, 1863, and by numerous patents obtained since then.

Second, a frame comprising longitudinal girder members and transverse beam members, relatively secured as in the claim indicated, may be conceded to be new; and—

Third, a combination of such frame with traction wheels supporting the rear end of the frame or body, and steering wheels supporting the forward end of the body, may also be conceded to be new or novel.

The function to be performed by the girders is to sustain the load of lumber in transportation; that to be performed by the crosss-beam members is to hold the girders or side frames in place, so that there is constructed a boxlike mechanism, having the form of an inverted U. This boxlike mechanism is carried by traction wheels at its rear end, and by steering wheels at the front, thus completing the structure for carrying lumber. In further explanation, the load of lumber is sustained by means of contrivances, one upon each side of the frame, which are attached directly to the girder members; the front ends somewhat near the center of the distance between the traction and the steering wheels, and the aft ends to the rear of the traction wheels. Thus, as I have said, the load is carried directly by the girder members.

The frame of Overlin's device is in form somewhat similar to that of complainant. It has the side members and transverse beam members. The end transverse beam members are arched, and are of construction to directly sustain the load, thus wholly relieving the side

or girder members of that function. The wheels, both traction and steering, are yieldingly attached to the standards, which support the transverse beam members at each end of the frame, and are not made or pivoted into the body of the frame, as is the case with complainant's device. The mechanism for lifting and sustaining the load, as it relates to Overlin's device, is so contrived by its bearings as to carry the weight of the load, at the rear and front, on the standards of the transverse beam members, or perhaps more correctly speaking by the transverse beam members. The utility of both devices has been adequately demonstrated.

Now, the side members of Overlin's device are not girder members. If it may be said that his device has girder members at all, those members are such of the transverse beam members as constitute the end members of their frame. A girder is defined by the Standard Dictionary as:

"A principal horizontal beam, or a compound structure acting as a beam, receiving vertical load, and bearing vertically upon its supports."

So that it may readily be seen that the side members of Overlin's device do not perform the same function, or act in substantially the same way, as the girder members of the plaintiff's motor truck. Nor can it be said that the transverse beam members of Overlin's device, if they may be regarded as girder members, constitute mere mechanical contrivances to avoid the claims of complainant's motor truck. It required inventive skill to produce them. So that, considering the whole, it is not possible to read the structure of Overlin's frame upon the claims of complainant's patent.

As it respects the traction and steering wheels, those of complainant's device are pivoted into the frame itself, while those of Overlin's truck have their axle bearings on the standards supporting the transverse beam sections. Obviously this is more than a mere mechanical difference.

While as a whole Overlin's machine performs the same function, namely, that of lifting, carrying, and depositing piles of lumber, it is clear that it does not perform it by the same novel mechanism as the complainant's truck. For these reasons, I hold that Overlin's truck does not infringe complainant's patent.

Complainant's bill of complaint will therefore be dismissed, with costs to defendants.